### STATE *v.* GEORGE COLTER.

· An indictment charging in one and the same count the distinct offences of entering a dwelling-house with an intent to steal, and an actual theft therein, is not on that account objectionable. ·

INDICTMENT charging that the prisoner, in the daytime, entered the dwelling-house of J. B. T. in Newport, " *with intent* the _goods and chattels of the said J. B. T., then and there in the aforesaid dwelling-house being, then and there in the aforesaid dwelling-house feloniously to steal, take, and carry away, and one merino dress of the value of ten dollars, two skirts, each of the value of five dollars, and one muslin collar of the value of three dollars, of the goods and chattels of the said J. B. T., then and there in the aforesaid dwelling-house being found, feloniously *did steal, take, and carry away*, against the form of the statute, &c."

The prisoner, upon being arraigned, pleaded guilty, subject, however, by agreement, to the opinion of the court upon a motion to quash the indictment for joining two distinct offences, to wit: entering the dwelling-house with intent to steal, and actually stealing therefrom, in one count.

*Hammond*, for the prisoner, cited Archbold's Crim. Pract. 95.

*J. B. Kimball*, attorney-general.

1. The indictment is not bad for duplicity. The practice of including in a count for *burglary* a charge of *larceny*, has long existed both in this country and England, and has been approved by the highest authority. The principle governing such indictment is applicable to this case. 1 Hale, P. C. 560; 2 East, P. C. 514, 520, note; *Rex* v. *Furnival*, Russ. & Ry. 445; *Joslyn* v. *Commonwealth*, 6 Metcalf, 236; *Commonwealth* v. *Hope*, 22 Pick. 1; *Commonwealth* v. *Tuck*, 20 Pick. 356; *State* v. *Squires*, 11 N. Hamp. 37; *Jones* v. *State*, 11 N. Hamp. 269; *State* v. *Crocker*, 3 Harr. (Del.) 554; *State* v. *Grisham*, 1 Haywood (N. C.) 12; 1 Russ. on Crimes, 827; 1 Chitty Crim. Law, 252; 2 Archbold's Crim. Pract. &c., 329–332.

2. If, however, two distinct offences are charged in the same

count, or in different counts, the court will neither quash the indictment nor compel the prosecuting officer to elect upon which count or charge he will try the defendant, unless the separate charges grow out of different and distinct transactions, so that upon the trial the prisoner will be confused, or the attention of the jury distracted. *State* v. *Flyn,* 26 Maine, 316; *Kane* v. *People,* 8 Wendell, 211; *Commonwealth* v. *Gillespie,* 7 Serg. & Rawle, 476; *Dowdy* v. *Commonwealth,* 9 Gratt. 732, 733; 1 Chitty Crim. Law, 249.

3. Upon a general verdict of guilty in a case like this, the court will pass sentence for the greater offence charged. Cases cited above under Point 1. Rev. Stats. ch. 222, § 26.

AMES, C. J. It is a rule in criminal pleading, as well as of pleading in cases of tort, that it is sufficient if part only of the allegation stated in the indictment be proved, provided that what *is* proved affords a ground for maintaining the indictment, supposing it to have been correctly stated as proved. 1 Chitty Crim. Law, 250; *Ricketts* v. *Salwey,* 2 B. & A. 363, per *Abbott,* C. J. Hence, the joinder of distinct offences in the same indictment is neither cause for demurrer, nor for a motion in arrest of judgment, but only for a motion to quash, which is always addressed to the discretion of the court. 1 Chitty Crim. Law, 253. It is true, that in cases of felony, no more than one distinct offence or criminal transaction at one time, should regularly be charged upon the prisoner in one indictment, lest it should confound him in his defence or prejudice him in his challenges to the jury; but where, as in this case, the indictment contains a true statement of one criminal transaction, as confessed by the plea, to wit: that the prisoner not only entered with intent to steal, but did actually steal, there seems to be no basis whatever, in the fact that two offences are thus charged, for his motion to quash to rest upon. Indeed, in burglary, that the same count charges a breaking and entering with intent to steal, and an actual theft in the dwelling-house, has never been deemed objectionable; but was advised by Lord Hale, to insure a conviction of theft, if the proof justified it, when it might not justify a conviction of burglary. 1 Hale, P. C. 559, § 5. This mode of charging merely so widens the allegations of the count,

as to admit, what is so common, a conviction of a lesser offence, included in the charge of the graver one, if the proof should fall short of the latter. In burglary, where theft was the criminal purpose, so well settled has the practice in this respect been, since the days of Lord Hale, that in *Rex* v. *Furnival*, Russ. & Ryan, Cr. Cas. 445, the doubt resolved against the prisoner was, whether a conviction was good upon an indictment which charged a burglarious entry and an actual theft, without charging also an intent to steal, — an actual theft having been proved. Although in this case the judges supported the conviction, they considered that it was better, in cases of burglary of this sort, to charge the intent to steal as well as the stealing, according to the advice of Lord Hale. No distinction, favorable to this motion, can be made between an indictment for burglary, and the indictment before us; and the motion, therefore, must be denied, and the prisoner sentenced.